IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAGROS ALVARENGA, | 1:15-cv-01560-AWI-BAM |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION WITH LEAVE TO AMEND** |
| v. | |
| CARLSON WAGONLIT TRAVEL, INC. a Delaware Corporation; and DOES 1 through 25, inclusive, | |
| | (Doc. 3) |
| Defendants. | |

## I. Introduction

Plaintiff Milagros Alvarenga ("Plaintiff") has filed a wage and hour action against Carlson Wagonlit Travel, Inc. ("Defendant"), alleging failures to pay overtime wages, issue compliant wage statements, and afford meal or lunch breaks, all in violation of the California Labor Code. Plaintiff has also alleged a common law claim for conversion to recover those same damages and an unfair business practices claim pursuant to California Business and Professions Code §§ 17200, et sec. Defendant moves to dismiss Plaintiff's conversion claim, contending, in essence, that the remedies offered by the Labor Code are exclusive where the Labor Code created new private rights of action. Doc. 3. Defendant also contends, even if a conversion claim could be cognizable, that Plaintiff's claim fails as it does not plead an ascertainable sum. Doc. 3. Plaintiff opposes that motion, relying in large part on the reasoning of *Sims v. AT&T Mobility Services*, LLC, 955 F.Supp.2d 1110 (2007), determining that a conversion claim could exist to

1

recover unpaid wages recoverable under the Labor Code and that such conversion claim is appropriate in this case. This matter is now ripe for adjudication.

## II. Background

Plaintiff is a current employee of Defendant, employed as a "scriptor or automation specialist." First Amended Complaint ("FAC") at ¶ 9. She has worked in those roles since August of 2003. FAC at ¶ 9. Throughout Plaintiff's employment, Defendant has paid her as a salaried employee under the administrative exception without regard for the number of hours that Plaintiff works. FAC at ¶ 10. Plaintiff contends that she has been misclassified as an exempt employee. FAC at ¶ 10. Plaintiff now seeks compensation for hours that she allegedly worked in excess of 8 hours per day or 40 hours per week. FAC at ¶¶ 9, 12. Plaintiff does not allege any specific number of hours over any particular time period.

Plaintiff also alleges that the wage statements provided to her were in some way deficient. FAC at ¶ 16. Plaintiff does not explain the way in which the statements were deficient. Similarly, Plaintiff alleges that she was denied meal and rest breaks when she worked more than five and four hours, respectively. FAC at ¶¶ 23-24.

Based on those allegations, Plaintiff contends that Defendant withheld wages due to her. Such is the basis for her conversion claim.

## III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015); *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). However, the Court is not required "to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 278 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If a Rule 12(b)(6) motion is granted, the "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend should be granted unless amendment would be futile. *Gompper v. VISX*, Inc., 298 F.3d 893, 898 (9th Cir. 2002); *see Petersen v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013) (requiring that "leave to amend … be granted with extreme liberality") (internal quotation marks omitted).

**IV. Discussion**

The propriety of Plaintiff's conversion claim depends on whether the enactment of the Labor Code sections at issue in this action provide a private right of action operating to the exclusion of any common law claims to recover for the same injuries. Two distinct lines of authority have addressed this issue. Those lines appear to have both applied the "new right – exclusive remedy" and "preexisting right – cumulative remedies" rules of statutory interpretation

3

to come to opposite conclusions. California Supreme Court has yet to resolve this issue. This Court will summarize the underlying rules of interpretation and both lines of authority.

**A. "New Right – Exclusive Remedy" & "Preexisting Right – Cumulative Remedies" Rule**

As noted, the two lines of cases straddle the line between the "new right – exclusive remedy" rule and the "preexisting right – cumulative remedies" rule. Where the Legislature creates a new right – which did not previously exist under the common law – complimented by a remedial scheme that is "comprehensive and detailed," the "new right – exclusive remedy" rule restricts a plaintiff to the statutory remedy provided. *Rojo v. Kliger*, 52 Cal.3d 65, 79, 82 (1990) (citation omitted). On the opposite side of the coin, where the Legislature simply codifies a preexisting common law right, the "preexisting right – cumulative remedies" rule would instruct that the new, statutory remedy is cumulative and the plaintiff may elect to exercise the older, common law remedy. *Rojo*, 52 Cal.3d at 79. The obvious exception to this general rule is that the Legislature may explicitly create an exclusive statutory remedy that precludes other remedies. *See, e.g.,* Cal. Lab. Code § 5300 (providing that suits seeking workers compensation "shall be instituted before the appeals board and not elsewhere…"). If liability would exist in some form regardless of the statutory scheme, then the enactment of the statute does not supplant the common law right. Hence, the fundamental inquiry in applying the above-articulated rules is whether the right to be vindicated predated the enactment of the statute or statutes at issue.

**B. Defendant's Argument for New Right – Exclusive Remedy**

With the basic rule in mind, the Court moves to the *Thomas v. Home Depot USA, Inc*, 527 F.Supp.2d 1003 (N.D. Cal. 2007), *In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609 (N.D. Cal. 2007), *Pulido v. Coca-Cola,* 2006 WL 1699328 (C.D. Cal. May 25, 2006), and *Green v. Party City Corp.*, 2002 WL 553219 (C.D. Cal. Apr. 9, 2002) line of cases relied upon by Defendant for the proposition that the California Legislature created a "comprehensive and detailed remedial scheme" for enforcement of labor law in enacting the Labor Code, precluding related common law conversion claims. In each of those cases the plaintiffs brought actions alleging violations of the California Labor Code, including failure to pay overtime to a non-exempt employee, *Wal-Mart*, 505 F.Supp.2d at 612; *Green*, 2002 WL 553219 at *1, wage

statement violations, *Wal-Mart*, at 612; *Pulido* 2006 WL 1699328 at *1, and rest and meal period violations, *Thomas*, 527 F.Supp.2d at 1009-1010; *Pulido* at * 3-4, in addition to other alleged Labor Code violations not at issue here. The plaintiffs in each of those cases also brought conversion claims, alleging that their employers failed to properly compensate them because the defendants wrongfully withheld earned and penalty wages. *Green* was the first court in that line to identify an absence of case law recognizing a "statutorily-based claim for nonpayment of wages" as a basis for a common law conversion claim. *Green*, 2002 WL 553219 at *4-5. It concluded, in light of the absence of case law supporting a common law conversion claim for unpaid overtime wages and the "detailed remedial scheme for violation" of the Labor Code, that an employee was limited to the statutory remedies provided by the Labor Code. *Green*, 2002 WL 553219 at *5. In coming to that conclusion, the *Green* court considered the California Supreme Court's decision in *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163 (2000), where an employee was permitted to bring an Unfair Competition Law ("UCL") claim for back wages pursuant to California Business and Professions Code § 17203 alongside Labor Code claims. The *Green* court explained that *Cortez* was distinguishable because a UCL claim – unlike a conversion claim – "enable[s] a party to seek relief for violation of an independent statute for which there might not otherwise be a private right of action." *Green*, 2002 WL 553219 at *4. The UCL remedies are explicitly cumulative, Cal. Bus. & Prof. Code § 17205, and are specifically designed to curtail and provide restitution for unfair business practices, *see* Cal. Bus. & Prof. Code § 17203. *See Cortez*, 23 Cal.4th at 179. A common law conversion claim obviously lacks any similar explicit statutory indication that it is cumulative in nature.

      Approximately four years later, the *Pulido* court extended the *Green* court's reasoning to Labor Code violations for failures to provide meal and rest periods and reiterated the absence of case authority "for the notion that a statutorily-based [Labor Code violation] could also be the subject of a conversion claim." *Pulido*, 2006 WL 1699328 at *9. *Wal-Mart*, *Thomas*, and numerous other cases have followed *Green* and *Pulido* in rejecting conversion claims brought alongside Labor Code violations, noting the "detailed remedial scheme of the Labor Code" and the absence of authority to support a common law claim for "recovery of wages" or any case that

has allowed a violation of the Labor Code to simultaneously provide a claim for conversion. *Thomas*, 527 F.Supp.2d at 1010; *accord Wal-Mart*, 505 F.Supp.2d at 618-619; *see, e.g., Dittmar v. Costco Wholesale Corp.*, 2015 WL 7106636, *5 (S.D. Cal. Nov. 13, 2015); *Santiago v. Amdocs, Inc.*, 2011 WL 1303395, *4-5 (N.D. Cal. Apr. 2, 2011); *Jacobs v. Genesco, Inc.*, 2008 WL 7836412, *2-3 (E.D. Cal. Sept. 3, 2008).

**C. Plaintiff's Argument for Preexisting Right – Cumulative Remedy**

A conflicting line of case law began in *Sims v. AT&T Mobility Services LLC*, 955 F.Supp.2d 1110 (E.D. Cal. 2013), where the district court held that the "new right – exclusive remedy" rule did not preclude a claim of conversion of unpaid wages because a common law right to recover unpaid wages predated the enactment of the Labor Code. *See also Rodriguez v. Cleansource, Inc.*, 2015 WL 5007815 (S.D. Cal. Aug. 20, 2015) (agreeing with *Sims* that a common law claim for conversion based on unpaid wages is viable under California law).[1] The *Sims* court recognized the *Green* line and sought to explain its departure. It explained that *Cortez*—rather than tending to indicate only that the UCL permitted relief for violation of statutes that might not otherwise provide a private right of action—stands for the proposition that the Labor Code provides a non-exclusive remedy for unpaid wages. *Sims*, 955 F.Supp.2d at 1115-16. In fact, the *Sims* court explained, *Cortez* explicitly permitted relief for conduct covered by the Labor Code through a remedy not provided for by the Labor Code. *Sims*, 955 F.Supp.2d at 1115-16. The *Sims* court concluded that a finding that the Labor Code provides an exclusive remedy under the "new right – exclusive remedy" rule—this Court reads the *Green* line to have made such findings—is likely irreconcilable with *Cortez*. *Sims*, 955 F.Supp.2d at 1116. The *Sims* court continued, explaining that the cases in the *Green* line assumed without actually determining that a common law claim for recovery of unpaid wages did not exist prior to enactment of the Labor Code. *Sims*, 955 F.Supp.2d at 1116. On those bases, the *Sims* court determined that the conclusions reached by the *Green* line were not persuasive.

---

[1] The *Sims* court highlighted the fact that the plaintiff sought to recover only unpaid wages in his conversion claim, not any statutory penalties. *Sims*, 955 F.Supp.2d at 1114.

The *Sims* court then circled back to examine the first step in the "new right – exclusive remedy" inquiry: whether a right to recover unpaid wages existed at common law. *Sims*, 955 F.Supp.2d at 1116. It found that common law claims to recover wages predated establishment of the Industrial Welfare Commission ("IWC") in California, the establishment of California minimum wage and overtime laws in the California Labor Code, and the Fair Labor Standards Act ("FLSA") minimum and overtime wage laws. *Sims*, 955 F.Supp.2d at 1116. Specifically, the *Sims* court indicated that common law claims for breach of contract (if a valid contract existed) and recovery in quantum meruit[2] (if no valid contract existed) existed to recover unpaid wages prior the Labor Code.[3] *Sims*, 955 F.Supp.2d at 1117 (citing *Brown v. Crown Gold Milling Co.*, 150 Cal. 376, 383-84 (1907)); *see also Cany v. Halleck*, 9 Cal. 198 (1854) (recognizing a claim for unpaid wages based on an express or implied contract). Based on the determination that breach of contract and quantum meruit claims to recover wages predated the Labor Code, the *Sims* court concluded that the Labor Code did not create a new right to do so. As such, it determined that the codification in the Labor Code of the preexisting right to recover unpaid wages creates an additional remedy rather than replacing common law remedies.

Despite the *Sims* court's determination that the remedies provided by the Labor Code are cumulative, the fact remained that cases in the *Green* line had consistently found that no California case had previously recognized conversion as a viable cause of action to recover unpaid wages. The *Sims* court turned to *Dept. of Indus. Relations v. UI Video Stores, Inc.* ("*Blockbuster*"), 55 Cal.App.4th 1084 (Cal. Ct. App. 1997), where the Department of Industrial Relations, Division of Labor Standards Enforcement ("the Department") brought breach of contract and conversion claims against Blockbuster after Blockbuster refused to deliver

---

[2] "Quantum meruit is equitable payment for services already rendered." *E.J. Franks Construction, Inc. v. Sahota*, 226 Cal.App.4th 1123, 1128 (Cal. Ct. App. 2014); *see In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (Under California law, quantum meruit is "an equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant.") (citations omitted). A recovery in quantum meruit cannot include punitive damages.

[3] The *Sims* court also cited to a California Court of Appeals case that identified a "cause of action for overtime pay or for compensating time off" based on "general contract principals." *Wilson v. County of Santa Clara*, 68 Cal.App.3d 78, 82 (Cal. Ct. App. 1977). This Court reads the cause of action identified in *Wilson* to be a claim sounding in contract law and significantly more similar to breach of contract or quantum meruit than conversion.

settlement checks for the cost of uniforms which Blockbuster had unlawfully required its employees furnish.[4] Cases in the *Green* line had previously examined *Blockbuster* to the conclusion that the conversion claim was only viable because the Department sued Blockbuster based on a breach of completed settlement agreement rather than enforcement of a Labor Code violation. *See In re Walmart*, 505 F.Supp.2d at 618. The *Sims* court correctly noted that the recovery by the Department in *Blockbuster* was permitted not only because of the settlement agreement but also because the Department was statutorily authorized to act as trustee the absent employees to recover unpaid wages. *Sims*, 955 F.Supp.2d at 1118-19; *Blockbuster*, 55 Cal.App.4th at 1091-92 ("[T]he enforcement action undertaken by the DLSE in the underlying case concerned the collection of unpaid wages or benefits…."); *see* Cal. Lab. Code § 96.7 ("The Labor Commissioner shall act as trustee of all such collected unpaid wages or benefits.") The authorizing statute for the Department to act on behalf of the absent employees did not specify a mechanism for recovery; the court in *Blockbuster* determined that an action for conversion was appropriate where identified property—the settlement checks to Blockbuster employees for $38.51 that were returned as undeliverable—was wrongfully withheld. *Blockbuster*, 55 Cal.App.4th at 1088, 1095-1096.

    Finally, the *Sims* court put a great deal of weight on *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal.4th 592 (2010), where the California Supreme Court suggested that employees whose tips had been pooled and redistributed, in violation of a California Labor Code section that did not give rise to a private right of action, could allege a common law claim for conversion. The *Sims* court explained that employees hold title to their wages in the same way that employees hold title to tips. *Sims*, 955 F.Supp.2d at 1119 (citing *Cortez*, 23 Cal. 4th at 178). Namely, an employee holds legal title to wages that are earned and unpaid. As a result, the *Sims* court reasoned, employees have property rights in unpaid wages that can be vindicated by way of conversion causes of action. *Sims*, 955 F.Supp.2d at 1120.

///

---

[4] *See* 8 C.C.R. 11070(9)(A) ("When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.")

**D. Analysis**

The positions advanced by the *Green* and *Sims* lines are irreconcilable; the Labor Code either provides an exclusive remedy for recovery of wages or it does not. This Court finds the *Sims* line persuasive on that issue. Although the California Labor Code creates a comprehensive and detailed remedial scheme, because remedies existed at common law to recover unpaid or underpaid wages, and because the Labor Code sections at issue are not explicitly exclusive, the remedies provided by the Labor Code supplement, rather than supplant, the common law remedies. *See Rojo*, 52 Cal.3d at 79 ([W]here a statute creates a right that did not exist at common law *and* provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive.") (emphasis added).

Next, a cause of action for conversion is appropriate to recover property that is wrongfully withheld. *See Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015) ("Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages....") (citation and quotation marks omitted). However, a conversion claim can only attach to specific property or an identifiable sum of money. *Sims,* 955 F.Supp.2d at 1120; *see Lee*, 61 Cal.4th at 1240; *Haigler v. Donnelly*, 18 Cal.2d 674, 681 (1941) (requiring a "specific sum [of money] capable of identification"). Money and checks cannot "be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment," *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal.App.4th 384, 396 (Cal. Ct. App. 2007) (citation omitted), where a check is wrongfully taken from another's desk, *Reliance Ins. Co. v. U.S. Bank of Washington, N.A.*, 143 F.3d 502, 506 (9th Cir. 1998), where a defendant wrongfully uses a credit card to transfer recorded sums of money to that defendant's account, *Welco Electronics, Inc. v. Mora*, 223 Cal.App.4th 202, 218 (Cal. Ct. App. 2014), where a plaintiff alleges entitlement to all of the funds in a particular account, *Natomas Gardens Inv. Group, LLC v. Sinadinos* ("*Sinadinos*"), 710 F.Supp.2d 1008, 1020 (E.D. Cal. 2010), or where a defendant

stole bonuses related to the sale of specific automobiles, *Brock v. Concord Automobile Dealership*, *LLC*, 2015 WL 3466543 (N.D. Cal. June 1, 2015).

At this stage in the proceedings it is not necessary to plead the specific sum of money; instead, Plaintiff must plead facts that plausibly indicate that a sum is "capable of identification." *Brock*, 2015 WL 3466543, *6; *Sinadinos*, 710 F.Supp.2d at 1020, 1023. The specific sum that was converted must be proven at the summary judgment stage. *Sinadinos*, 710 F.Supp.2d at 1019-1020.

In this instance, Plaintiff simply alleges that Defendant failed to pay wages as required by the Labor Code. Doc. 1-3 at 20. Plaintiff's allegations fail to state a claim for conversion. It is not evident from the pleadings that any specific sum of money owed is identifiable in this case. In fact, because Plaintiff was classified as an exempt employee, it is quite likely that records of the hours that she worked were not kept, making any definite calculation of an amount converted to be impossible.

That said, on the record before the Court, it cannot determine that amendment would be futile. In order to plead a cause of action, Plaintiff must "specifically allege the basis for their claim and how a specific sum that was allegedly converted could be ascertained." *Khan v. K2 Pure Solutions, L.P.*, 2013 WL 6503345, *9 (N.D. Cal. Dec. 4, 2013). A claim that Defendant, over time, failed to pay Plaintiff an incalculable amount of wages—regardless of why the amount is incalculable—will not suffice.

## V. Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's fourth cause of action for conversion is DISMISSED with leave to amend. Any amended complaint must be filed within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated:   February 5, 2016                              _____
                                                       SENIOR DISTRICT JUDGE

10